## W. MASON WORTHINGTON ET AL. v. G. BOWMAN WILMOT ET AL.

MORTGAGE. *Foreclosure. Subsequent judgment. Fraud.*
　　-Whether a junior judgment creditor can, like a junior mortgagee, enforce the equity of redemption after a *bona fide* foreclosure to which he was no party, *quære;* but he can if the proceeding was collusive.

2. SAME. *Equity of redemption. Mortgagee's possession. Rents.*
　　If the mortgagee is in possession, he should be charged, from the date of foreclosure, with rents upon the basis according to the equities of the case, either of gross receipts, net profits, or rental value; and the latter may be ascertained as in *Staton* v. *Bryant,* 55 Miss. 261, *note.*

3. SAME.  *Planting contract.  Accounting.*

A contract between the mortgagor and the mortgagee, under which the former produced a crop on the land, should be respected in the accounting, and advances made by the latter thereunder should be repaid.

APPEAL from the Chancery Court of Washington County.

Hon. W. G. PHELPS, Chancellor.

*R. B. Campbell*, for the appellants.

The decree of foreclosure was collusive.  The object was to defeat these creditors.  The pretended price was grossly inadequate.  Manifestly this was a mere scheme by which the mortgagee was to acquire the legal title and hold it for the mortgagor's use.  Under such circumstances, subsequent judgment creditors have the right to subject the equity of redemption and to redeem.

*J. R. Yerger*, on the same side, argued orally and in writing.

While judgment creditors are possibly not in every case entitled to redeem, yet if the prior mortgagee knows of their existence a court of equity will sustain a bill for redemption filed speedily after a foreclosure to which they were not parties, showing a " huddled up sale " for grossly inadequate sums, evidencing collusion between the mortgagor and mortgagee. Jones on Mortgages, § 1436 ; *Brainard* v. *Cooper*, 10 N. Y. 356 ; 4 Kent Com. 184 ; Powell on Mortgages, 271 ; Calvert on Parties, 128, 138 ; Story Eq. Pl. § 193, notes.  It has been held that if the mortgagee enters on the land, or allows the mortgagor to take the profits, or permits him to use the mortgage for keeping off other creditors, he will be held accountable for the profits.  Hilliard on Mortgages, 465 ; *Coppring* v. *Cooke*, 1 Vernon, 270 ; *Chapman* v. *Tanner*, 1 Vernon, 267 ; *Pattison* v. *Josselyn*, 43 Miss. 373.  Inadequacy of price will be sufficient to set aside the foreclosure sale, if it be so gross as to create the inference of fraud.  *Pattison* v. *Josselyn*, 43 Miss. 373 ; *Mound City Ins. Co.* v. *Hamilton*, 3 Tenn. Ch. 228.  All the circumstances warrant the setting the sale aside and treating Jones as a constructive trustee and fiduciary, in which case he will be governed by the rules applicable to such trustees.  *Staton* v. *Bryant*, 55 Miss. 261, 277 ; Perry on Trusts, §§ 430, 431 ; Hill on Trustees, 173.

*Frank Johnston*, on the same side, filed a brief and made an oral argument.

A subsequent judgment creditor, who is no party to the foreclosure, can enforce the equity of redemption. 2 Story Eq. Jur. §§ 1021, 1023; 4 Kent Com. 163, 184; Powell on Mortgages, 271, 274. His lien covers the equity. He is a subsequent incumbrancer. The rule is well settled, and uniformly supported, that the subsequent incumbrancers must be made parties, and if omitted the decree will not bind their rights. *Haines* v. *Beach*, 3 John. Ch. 459; *Benedict* v. *Gilman*, 4 Paige, 58; *Rowe* v. *Beers*, ante, 371. In *Neate* v. *Marlborough*, 3 Myl. & Cr. 407, 416, the Chancellor said that for certain purposes the court recognizes a title by the judgment, as for the purposes of redemption. Judge Gardiner in *Brainard* v. *Cooper*, 10 N. Y. 356, 361, said of this case, that in England the judgment creditor is allowed to redeem where the lien is only constructive, and added, that it was never doubted there or anywhere else that, where the lien was actual, the creditor could redeem. Counsel also separately argued at length the question of fraud.

*W. R. Trigg*, on the same side.

*John Handy*, for the appellees, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Mrs. Jones sold a plantation in Washington County to G. Bowman Wilmot, mostly on a credit, and to secure payment reserved a lien on the land, in the deed executed by her. The debt for the purchase-money maturing and remaining unpaid, she foreclosed her lien by proper proceedings in the Chancery Court, and at the foreclosure sale became the purchaser at a sum far below the amount due her. Wilmot had become indebted to other persons during his ownership of the land, and several of these had reduced their demands to judgments against him. These judgments were junior in date to the equitable mortgage of Mrs. Jones. In the foreclosure proceedings the judgment creditors were not made parties, and they now bring this bill against Wilmot and Mrs. Jones for the purpose of redeeming the mortgage and subjecting the equity of redemption formerly belonging to Wilmot to the payment of their judg-

ments. They allege that the foreclosure proceedings were begun and carried through by collusion between Wilmot and Mrs. Jones, and resulted in the sacrifice of the property and the injury of other creditors ; the design being, as they charge, that while Mrs. Jones should become the nominal purchaser of the property she should hold it for the benefit of Wilmot.

Judgment creditors are usually classed by the text-writers with junior mortgagees and the holders of other subordinate liens as to their right to redeem a prior incumbrance, and it is generally said that, if they are not made parties to the proceedings to foreclose a senior mortgage, their right of redemption is not cut off. A search somewhat patient and prolonged through the American and English reports has brought to light less than a half dozen cases in which this right has actually been asserted by judgment creditors after a sale under a senior mortgage. We decline for the present to commit ourselves to the doctrine, that in this State, where a judgment creditor can at any time subject the equity of redemption of a mortgagor to sale under his judgment, he can stand by without doing so, and after the property has been sold under the prior mortgage compel the purchaser to accept a redemption by himself, except in cases where there has been fraud and collusion in the foreclosure proceedings.

There is high authority for the limitation thus imposed upon the right. In 2 Story Eq. Jur. § 1023, it is said : " But no person, except a mortgagor, his heirs or privies in estate, has a right to redeem, or to call for an account, unless, indeed, it can be shown that there is collusion. between them and the mortgagee." In Coote on Mortgages (4th ed.), 1072, it is said : " It is a general principle that no person shall be entitled to redeem but he who can show a title to the estate of the mortgagor ; but if there be fraud or collusion to the detriment of third parties, as if assignees, or executors, or trustees refuse to enforce their right, creditors, legatees or other parties interested may bring their action for relief." This language accords with our own ideas, but is inconsistent with much that is said by other authors, and with much found elsewhere in the works from which these quotations are made. The doctrine usually announced is, that judgment creditors and junior mortgagees

occupy the same position, and have the same right of redemption. To us their attitudes seem wholly different. The one class is vested by conveyance with the estate of the mortgagor, while the other has no rights either to or in the mortgaged premises, but a mere right to subject it or any other property then owned or afterwards acquired by the debtor to the payment of their demands. It is the difference between an actual conveyance of an equitable estate by contract, and a general, not a specific lien, by operation of law.

We do not find it necessary, however, in this case, to settle this question authoritatively, and throw out these remarks, rather as suggestive of doubt, than in denial of a proposition asserted by numerous text-writers. We think that the proof shows that there was in this instance an understanding, if not an express agreement between Wilmot and Mrs. Jones, through her husband, who was her agent, which operated to the detriment of creditors, and probably produced a sacrifice of the property; and this fact supports the bill, and entitles the complainants to the relief sought.

Mrs. Jones is to be regarded as a mortgagee in possession, and to be dealt with as such. In taking the account, the agreement between Jones and Wilmot, with regard to the crop of 1879, should be respected and carried out, so as to have the proceeds applied first to the repayment of all advances made by Mrs. Jones during the year, and to the sums expended in paying off Wilmot's debts, and the expenses of making the crop. In taking an account of the rents and mesne profits to be charged against Mrs. Jones, proof should be heard both as to the amount of rents received and as to the net profits realized, or which with ordinary good management might have been realized, from the use of the property; and the Chancellor will adopt whichever basis may seem to be demanded by the equities of the case, and with the same view proof as to the rental value should be taken upon the basis indicated in the note appended to the case of *Staton* v. *Bryant*, 55 Miss. 261, 277.

*Reversed and remanded.*